IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2016 APR 26  PM 3: 34

| | |
|---|---|
| AMERICAN STEWARDS OF LIBERTY, CHARLES SHELL, CHERYL SHELL, WALTER SIDNEY SHELL MANAGEMENT TRUST, KATHRYN HEIDEMANN, ROBERT V. HARRISON, SR.<br>PLAINTIFFS,<br><br>V.<br><br>DEPARTMENT OF THE INTERIOR, UNITED STATES FISH AND WILDLIFE SERVICE, HONORABLE SALLY JEWELL, DANIEL M. ASHE, AND BENJAMIN N. TUGGLE,<br>DEFENDANTS. | CAUSE NO. 1:15-CV-1174-LY |

## ORDER

Before the court in the above-styled and numbered declaratory-judgment action is the Motion to Intervene as Plaintiffs by John Yearwood and Williamson County, Texas filed December 16, 2015 (Doc. #2), Federal Defendants' Opposition to Motion to Intervene filed January 29, 2016 (Doc. #9), and Intervenor-Plaintiffs' Reply in Support of to Motion to Intervene filed February 8, 2016 (Doc. #13). Having considered the motion, response, the reply, the case file, and the applicable law, the court will grant the motion.

Plaintiffs seek a declaratory judgment that the Bone Cave Harvestman, a species of spider currently listed as an endangered species, should be delisted. *See* 16 U.S.C. §§ 1531-1544. ("Endangered Species Act"). Movants John Yearwood and Williamson County, Texas seek leave to intervene as a matter of right or, in the alternative, permissively. *See* Fed. R. Civ. P. 24(a)-(b).

## I. INTERVENTION AS A MATTER OF RIGHT

A party may intervene as a matter of right when: (1) the motion to intervene is timely; (2) the potential intervenor asserts an interest that is related to the property or transaction that forms the basis of the controversy in the case into which it seeks to intervene; (3) the disposition of that case may impair or impede the potential intervenor's ability to protect its interest; and (4) the existing parties may not adequately represent the potential intervenor's interest. Fed. R. Civ. P. 24(a)(2) ("Rule 24"); *Saldano v. Roach*, 363 F.3d 545, 551 (5th Cir. 2004). Although failure to satisfy any one element precludes the applicant's right to intervene, "the inquiry under subsection (a)(2) is a flexible one," and "intervention of right must be measured by a practical rather than technical yardstick." *Ross v. Marshall*, 426 F.3d 745, 753 (5th Cir. 2005). "Intervention should generally be allowed where no one would be hurt and greater justice could be attained." *Id.* Courts are to construe Rule 24 liberally and resolve all doubts in favor of the proposed intervenor. *In re Lease Oil Antitrust Litigation*, 570 F.3d 244, 248 (5th Cir. 2009).

Movants have failed to demonstrate that the disposition of this case may impair or impede their ability to protect their interest. First, Movants' constitutional claims, according to their own pleadings, stand wholly separate from Plaintiffs' claims brought under the Endangered Species Act, and Movants' ability to litigate those separate claims in the future will not be jeopardized or impaired in the future by the outcome of the current litigation. Movants' complaint shares no common legal claims with Plaintiffs' complaint that would be subject to the preclusive effects of *res judicata* in future litigation. *See Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 n. 5 (1979). Furthermore, the merits of Movants' constitutional claims will not be impacted by any *stare decisis* effect of a decision in this case. *See Sierra Club v. Espy*, 18 F.3d 1202, 1207 (5th Cir. 1994).

Second, the outcome of this litigation itself will not negatively affect Movants' interests. Movants allege both continuing impaired of enjoyment of their property and economic loss due to inability to develop their property as a result of the listing of the Bone Cave Harvestman under the Endangered Species Act. A possible ruling in favor of Defendants on the merits in this case would have the effect of maintaining the *status quo* with regard to Movants' enjoyment of their property. The court concludes that intervention as of right is not proper, and therefore need not reach the other factors in this inquiry.

## II. PERMISSIVE INTERVENTION

The court turns to consider whether Movants are entitled to permissive intervention. *See* Fed. R. Civ. P. 24(b). "On timely motion, the court may permit anyone to intervene who… has a claim or defense that shares with the main action a common question of law or fact." *Id.* "Federal courts should allow intervention where no one would be hurt and the greater justice could be attained." *Heaton v. Monogram Credit Card Bank of Georgia*, 297 F.3d 416, 422 (5th Cir. 2002).

Defendants argue the motion is untimely because Movants fail to provide 60 days' notice to the Secretary of the Interior as required in order for a citizen to file suit under Endangered Species Act. *See* 16 U.S.C. § 1540(g) (the "Citizen-Suit Provision"). Movants contend their claims fall outside the scope of the Endangered Species Act's Citizen-Suit Provision and so are timely brought under the Administrative Procedures Act.

The Citizen-Suit Provision "is a means by which private parties may enforce the substantive provisions of the Endangered Species Act against regulated parties—both private entities and Government agencies—but is not an alternative avenue for judicial review of the Secretary [of Interior]'s implementation of the statute." *Bennett v. Spear*, 520 U.S. 154, 197

(1997). Movants' claims relate to the constitutionality of the Secretary of the Interior's actions in regulating the Bone Cave Harvestman under the Endangered Species Act. These claims are not subject to the Citizen-Suit Provision because they are not brought under the Endangered Species Act. Movants' claims are therefore not subject to the 60-day notice requirement.

Further, the court notes that the 60-day notice requirement is "more procedural than jurisdictional." *Lockett v. E.P.A.*, 319 F.3d 678 (5th Cir. 2003). The purpose of the 60-day requirement is to put the government agency on notice of a perceived violation of the statute and an intent to sue. *Southwest Ctr. for Biological Diversity v. U.S. Bureau of Reclamation*, 143 F.3d 515, 520 (9th Cir. 1998). "When given notice, the agencies have an opportunity to review their actions and take corrective measures if warranted." *Id.* The provision therefore provides an opportunity for settlement or other resolution of a dispute without litigation. *Id.* In this instance, Plaintiffs provided notice as required by the Citizen-Suit provision. Defendants therefore had notice of the content of the suit and will not be prejudiced by Movants' intervention.

In order to determine whether a motion to intervene is timely, the court also considers: (1) the length of time the intervenor knew or should have known of his interest in the case; (2) prejudice to the existing parties resulting from the intervenor's failure to apply for intervention sooner; (3) prejudice to the intervenor if his application for intervention is denied; and (4) the existence of unusual circumstances. *Trans. Chem. Ltd. v. China Nat'l Mach. Imp. & Exp. Corp.*, 332 F.3d 815, 822 (5th Cir. 2003); *see also* Fed. R. Civ. P. 24(b)(3). The motion to intervene was filed one day after Plaintiffs filed this lawsuit and neither Movants nor Defendants have raised the existence of any unusual circumstances. The court concludes that neither Plaintiffs' nor Defendants' interests will be prejudiced by Movants' intervention.

4

The court also must determine whether Movants have a claim or defense that shares a common question of law or fact with this cause of action. *See* Fed. R. Civ. P. 24(b)(2); *Stallworth v. Monsanto Co.*, 558 F.2d 257, 269 (5th Cir. 1977). The court concludes that Movants' claims shares a common questions of fact with this action relating to the Bone Cave Harvestman.

Finally, where these factors are met, the court has discretion to allow intervention. *See Bush v. Viterna*, 740 F.2d 350, 359 (5th Cir. 1984). In exercising discretion, courts may consider factors such as whether the intervenors' interests are adequately represented by other parties' and whether intervenors will significantly contribute to full development of the underlying factual issues in the suit. *New Orleans Public Service, Inc. v. United Gas Pipeline Co.*, 732 F.2d 452, 472 (5th Cir. 1984).

Movants have not shown that they will contribute significantly to the development of factual issues in this cause. However, although Plaintiffs and Movants both desire to see the Bone Cave Harvestman delisted, they present different claims. Plaintiffs claim only that the listing of the Bone Cave Harvestman under the Endangered Species Act is improper; Movants assert that the federal government lacks the constitutional power to regulate the Bone Cave Harvestman under the Endangered Species Act at all. The court concludes that Plaintiffs may not adequately represent Movants' interests. The court will allow Movants to intervene permissively in this cause. Accordingly,

**IT IS ORDERED** that John Yearwood and Williamson County, Texas's Motion to Intervene filed December 16, 2015 (Clerk's Doc. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the clerk of the court shall file the Complaint of Intervenor John Yearwood and Williamson County, Texas, which is included as an exhibit to the motion to intervene (Clerk's Doc. No. 2-1).

**IT IS FINALLY ORDERED** that the parties are to submit to the court a Proposed Agreed Scheduling Order, in accordance with Federal Rule of Civil Procedure 26(f), that follows the form scheduling order of this court located on the website for the United States District Court for the Western District of Texas (www.txwd.uscourts.gov), the "Forms" tab, "Civil," "Austin Division," "Proposed Scheduling Order for Judge Yeakel," on or before **May 30, 2016**.

**SIGNED** this _____ day of April, 2016.

LEE YEAKEL
UNITED STATES DISTRICT JUDGE