IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED

16 NOV 22 AM 10: 30

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

AMERICAN STEWARDS OF LIBERTY, *et al.*, )
)
)
)
   Plaintiffs, )   Civil No. 1:15-cv-01174-LY
)
        v. )
)
DEPARTMENT OF INTERIOR, *et al.*, )
)
   Defendants, )
)
)
)

**DEFENDANT-INTERVENORS' PROPOSED ANSWER TO PLAINTIFFS'
FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
(ECF 24)**

     Defendant-Intervenors, Center for Biological Diversity, Travis Audubon and Defenders

of Wildlife (collectively, the "Conservation Groups"), through undersigned counsel, hereby

answer the claims and allegations in Plaintiffs' First Amended Complaint for Declaratory

Judgment and Injunctive Relief, ECF No. 24, as set forth below.  All allegations of the

Complaint that are not specifically admitted, denied, or qualified are expressly denied.

## I. INTRODUCTION

     1. The allegations in paragraph 1 contain Plaintiffs' characterization of their Complaint,

rhetoric, and conclusions of law, which require no response.  The third sentence of paragraph 1

also contains Plaintiffs' characterization of a Federal Register notice for Federal Defendants' 90-

Day Finding on a Petition to Remove the Bone Cave Harvestman (*Texella reyesi*) from the List

of Endangered and Threatened Wildlife ("90-Day Finding"), which speaks for itself and is the

best evidence of its contents. The Conservation Groups deny any allegations inconsistent with the plain language, meaning, or context of the Federal Register notice. To the extent the allegations in paragraph 1 are deemed to constitute material allegations of fact, the Conservation Groups deny them.

2. Paragraph 2 of the Complaint contains Plaintiffs' characterization of their request for relief, to which no response is required. To the extent a response is deemed necessary, the Conservation Groups deny that Plaintiffs are entitled to the requested relief, or any relief whatsoever.

## II. JURISDICTION AND VENUE

3. The allegations in paragraph 3 are conclusions of law and require no response. To the extent a response is required, the Conservation Groups deny the allegations.

4. The allegations in paragraph 4 are conclusions of law and require no response. To the extent a response is required, the Conservation Groups deny the allegations.

5. The Conservation Groups lack sufficient information or knowledge to form a belief about the truth of the allegations in the first sentence of paragraph 5 and therefore deny the allegations. The Conservation Groups admit that a copy of an August 24, 2015, 60-day notice letter was attached to Plaintiffs' First Amended Complaint. The third sentence contains conclusions of law and requires no response. To the extent a response is deemed necessary, the Conservation Groups deny each allegation.

6. The allegations in paragraph 6 are conclusions of law and require no response. To the extent a response is required, the Conservation Groups deny the allegations.

### III. PARTIES

7. The Conservation Groups lack sufficient information or knowledge to form a belief about the truth of the allegations in paragraph 7 concerning American Stewards of Liberty and therefore deny the allegations.  The allegations contained in the thirteenth, fourteenth, and fifteenth sentences in paragraph 7 are conclusions of law to which no response is required. To the extent that a response is required, Conservation Groups deny each allegation.

8. The Conservation Groups lack sufficient information or knowledge to form a belief about the truth of the allegations in paragraph 8 concerning Plaintiffs and therefore deny the allegations.  The allegations contained in the fifth, seventh and eighth sentences in paragraph 8 are conclusions of law to which no response is required. To the extent that a response is required, Conservation Groups deny each allegation.

9. The Conservation Groups lack sufficient information or knowledge to form a belief about the truth of the allegations in paragraph 9 concerning Plaintiffs and therefore deny the allegations.  The allegations contained in the fourth, sixth, and seventh sentences in paragraph 9 are conclusions of law to which no response is required. To the extent that a response is required, Conservation Groups deny each allegation.

10. The Conservation Groups lack sufficient information or knowledge to form a belief about the truth of the allegations in paragraph 10 concerning Plaintiffs and therefore deny the allegations.  Conservation Groups admit that Kathryn Heidermann was one of the parties who petitioned for delisting of the Bone Cave harvestman. The allegations contained in the fifth, sixth, and seventh sentences in paragraph 10 are conclusions of law to which no response is required. To the extent that a response is required, Conservation Groups deny each allegation.

11. The Conservation Groups lack sufficient information or knowledge to form a belief about the truth of the allegations in paragraph 11 concerning Plaintiffs and therefore deny the allegations. The allegations contained in the fourth, sixth, and seventh sentences in paragraph 11 are conclusions of law to which no response is required. To the extent that a response is required, Conservation Groups deny each allegation.

12. Conservation Groups admit that the U.S. Department of the Interior is a Cabinet-level agency granted certain responsibilities pursuant to the ESA by Congress. Conservation Groups deny any remaining allegations in paragraph 12.

13. Conservation Groups admit that Secretary Jewell is the Secretary of the United States Department of Interior. The allegations in the second and third sentences in paragraph 13 are vague, and ambiguous and thus denied on that basis, except that Conservation Groups admit that Secretary Jewel, in her capacity as Secretary of the Interior, is charged with certain responsibilities for implementing the ESA. The fourth sentence of paragraph 13 purports to characterize the ESA, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation inconsistent with the ESA's plain language, context, or meaning.

14. The Conservation Groups admit the allegations in paragraph 14.

15. Conservation Groups admit that Daniel M. Ashe is currently the Director of the FWS. The allegations in the second sentence in paragraph 15 are vague and ambiguous and thus denied on that basis, except that Conservation Groups admit that Dan Ashe, in his capacity as Director of the FWS, is charged with certain responsibilities for implementing the ESA.

16. Conservation Groups admit that Dr. Benjamin Tuggle is currently the Regional Director of Region 2 of the FWS. The allegations in the second and third sentences in paragraph 16 are vague and ambiguous and thus denied on that basis, except that Conservation Groups

admit that Dr. Tuggle, in his capacity as Regional Director of the FWS, is charged with certain responsibilities for implementing the ESA.

## IV. GENERAL ALLEGATIONS AND STATUTORY FRAMEWORK

17. The allegations in paragraph 17 purport to describe the ESA, which speaks for itself and is the best evidence of its contents. The Conservation Groups deny any allegations that are inconsistent with the plain language, meaning, or context of the statute.

18. The allegations in paragraph 18 purport to describe the ESA, which speaks for itself and is the best evidence of its contents. The Conservation Groups deny any allegations that are inconsistent with the plain language, meaning, or context of the statute.

19. The allegations in paragraph 19 purport to describe the ESA, which speaks for itself and is the best evidence of its contents. The Conservation Groups deny any allegations that are inconsistent with the plain language, meaning, or context of the statute.

20. The allegations in paragraph 20 purport to describe the ESA, which speaks for itself and is the best evidence of its contents. The Conservation Groups deny any allegations that are inconsistent with the plain language, meaning, or context of the statute.

21. The allegations in paragraph 21 purport to describe the implementing regulations of the ESA, which speak for themselves and are the best evidence of their contents. The Conservation Groups deny any allegations that are inconsistent with the plain language, meaning, or context of the regulations.

22. The allegations in the first sentence of paragraph 22 purport to describe the ESA, which speaks for itself and is the best evidence of its contents. The Conservation Groups deny any allegations that are inconsistent with the plain language, meaning, or context of the statute.

The allegations in the second sentence are legal conclusions to which no response is necessary. To the extent a response is deemed necessary, the Conservation Groups deny each allegation.

23. The allegations in paragraph 23 purport to describe the ESA, which speaks for itself and is the best evidence of its contents. The Conservation Groups deny any allegations that are inconsistent with the plain language, meaning, or context of the statute.

24. The allegations in paragraph 24 purport to describe a federal regulation, which speaks for itself and is the best evidence of its contents. The Conservation Groups deny any allegations that are inconsistent with the plain language, meaning, or context of the regulation.  paragraph 24 further provides a legal conclusion to which no response is necessary. To the extent a response is required, the Conservation Groups deny the allegations.

25. The Conservation Groups admit FWS listed *Texella reyesi* as endangered in 1988, but the Conservation Groups deny all other allegations made in the first sentence of paragraph 25 that purport to characterize a Federal Register notice.  The Conservation Groups maintain that the Federal Register notice speaks for itself and is the best evidence of its contents.  The Conservation Groups deny any allegations that are inconsistent with the plain language, meaning, or context of the Federal Register notice.  The Conservation Groups lack sufficient information or knowledge to form a belief about the truth of the allegations in the remaining sentences of paragraph 25 and therefore deny the allegations.

26. The allegations of paragraph 26 are subjective, vague, and ambiguous, and the Conservation Groups deny them on that basis.

27. The allegations of paragraph 27 are subjective, vague, and ambiguous, and the Conservation Groups deny them on that basis.  Conservation Groups further lack sufficient

information or knowledge to form a belief about the truth of the allegations in paragraph 27 and therefore deny the allegations.

28. The allegations of paragraph 28 are subjective, vague, and ambiguous, and the Conservation Groups deny them on that basis.  The allegations in paragraph 28 further purport to describe the Williamson County Regional Habitat Conservation Plan, which speaks for itself and is the best evidence of its contents. The Conservation Groups deny any allegations that are inconsistent with the plain language, meaning, or context of the plan.

29. The allegations of paragraph 29 are subjective, vague, and ambiguous, and the Conservation Groups deny them on that basis.

## V. FACTUAL ALLEGATIONS REGARDING THE BONE CAVE HARVESTMAN (*TEXELLA REYESI*) REGULATORY STATUS AND ITS IMPACT ON PLAINTIFFS AND THE STATE OF TEXAS

30. Conservation Groups admit the allegations contained in the first sentence of paragraph 30. The allegations in the second sentence of paragraph 30 purport to characterize a federal register notice for the 1988 Listing Determination, which speaks for itself and is the best evidence of its contents. Conservation Groups deny any allegation inconsistent with the plain language, context, or meaning of the 1988 Listing Determination.

31. The allegations in paragraph 31 purport to characterize a federal register notice for the 1988 Listing Determination, which speaks for itself and is the best evidence of its contents. Conservation Groups deny any allegation inconsistent with the plain language, context, or meaning of the 1988 Listing Determination.

32. The allegations in paragraph 32 purport to characterize a federal register notice for the 1988 Listing Determination, which speaks for itself and is the best evidence of its contents.

Conservation Groups deny any allegation inconsistent with the plain language, context, or meaning of the 1988 Listing Determination.

33. The allegations in paragraph 33 purport to characterize a federal register notice for the 1993 Technical Correction to the 1988 Listing Determination, which speaks for itself and is the best evidence of its contents. Conservation Groups deny any allegation inconsistent with the plain language, context, or meaning of the federal register notice.

34. The allegations in paragraph 34 purport to characterize federal register notices for the 1993 Technical Correction to the 1988 Listing Determination, and a 1994 Recovery Plan, which speak for themselves and are the best evidence of their contents. Conservation Groups deny any allegation inconsistent with the plain language, context, or meaning of the federal register notices. The last sentence of paragraph 34 contains legal conclusions to which no response is necessary. To the extent a response is required, the Conservation Groups deny the allegations.

35. Conservation Groups admit that the Bone Cave harvestman remains listed as endangered under the ESA; however, Conservation Groups lack sufficient information or knowledge to form a belief about the truth of the allegations in paragraph 35 concerning costs associated with listing the species, which are vague and ambiguous. Conservation Groups therefore deny the allegations.

36. The allegations in paragraph 36 are vague and ambiguous, and Conservation Groups deny them on that basis. Conservation Groups admit that Plaintiffs petitioned Defendants to remove the Bone Cave harvestman from the endangered species list; however the allegations purport to characterize the petition, which speaks for itself and is the best evidence of its contents. Conservation Groups deny any allegation inconsistent with the plain language, context, or meaning of the Plaintiffs' petition.

37. The allegations in paragraph 37 purport to characterize the 5-year status review for Bone Cave harvestman, which speaks for itself and is the best evidence of its contents. Conservation Groups deny any allegation inconsistent with the plain language, context, or meaning of the 5-year review.

38. The allegations contained in first four sentences of paragraph 38 are vague, ambiguous, and conclusory, and Conservation Groups deny them on that basis. The allegations contained in the fifth sentence of paragraph 38 are legal arguments, to which no response is required. To the extent a response is required, Conservation Groups deny the allegations. All remaining allegations in paragraph 38 purport to characterize and quote five different FWS determinations. Each of these determinations speaks for themselves and are the best evidence of their contents. Conservation Groups deny any allegations inconsistent with the determinations' plain language, context, or meaning.

39. The allegations in paragraph 39 purport to characterize the Plaintiffs' petition to remove the Bone Cave harvestman from the endangered species list, which speaks for itself and is the best evidence of its contents. Conservation Groups deny any allegation inconsistent with the plain language, context, or meaning of the petition.

40. The allegations in the first sentence of paragraph 40 purport to characterize the Plaintiffs' petition to remove the Bone Cave harvestman from the endangered species list, which speaks for itself and is the best evidence of its contents. Conservation Groups deny any allegation inconsistent with the plain language, context, or meaning of the petition. The remaining allegations in paragraph 40 are subjective, vague, and ambiguous, and the Conservation Groups further lack sufficient information or knowledge to form a belief about the truth of the allegations. Conservation Groups therefore deny the allegations.

41. The allegations in paragraph 41 purport to characterize the Plaintiffs' petition to remove the Bone Cave harvestman from the endangered species list, which speaks for itself and is the best evidence of its contents. Conservation Groups deny any allegation inconsistent with the plain language, context, or meaning of the petition.

42. The allegations in paragraph 42 purport to characterize a federal register notice, which speaks for itself and is the best evidence of its contents. Conservation Groups deny any allegation inconsistent with the plain language, context, or meaning of the notice.

43. The allegations in paragraph 43 purport to characterize a federal register notice, which speaks for itself and is the best evidence of its contents. Conservation Groups deny any allegation inconsistent with the plain language, context, or meaning of the notice.

44. The allegations in paragraph 44 purport to characterize a federal register notice, which speaks for itself and is the best evidence of its contents. Conservation Groups deny any allegation inconsistent with the plain language, context, or meaning of the notice.

45. The allegations in paragraph 45 purport to characterize and quote a federal register notice, which speaks for itself and is the best evidence of its contents. Conservation Groups deny any allegation inconsistent with the plain language, context, or meaning of the notice.

46. The allegations in paragraph 46 contain legal arguments and conclusions of law, which require no response. To the extent a response is necessary, the Conservation Groups deny each allegation.

47. Conservation Groups lack sufficient information or knowledge to form a belief about the truth of the allegations in paragraph 47, which are subjective, vague, and ambiguous. Conservation Groups therefore deny the allegations.

## VI. SPECIFIC ALLEGATIONS THAT SUPPORT DECLARATORY
## AND INJUNCTIVE RELIEF

48. The Conservation Groups hereby incorporate their answers to paragraphs 1-47 of the First Amended Complaint.

49. The allegations contained in paragraph 49 are conclusions of law and characterizations of Plaintiffs' claims to which no response is required. To the extent a response is required, Conservation Groups deny the allegations.

50. The allegations in paragraph 50 are conclusions of law and require no response. To the extent a response is required, the Conservation Groups deny the allegations.

51. The allegations in paragraph 51 are conclusions of law and require no response. To the extent a response is required, the Conservation Groups deny the allegations.

## VII. FIRST CLAIM FOR RELIEF

(Violation of the ESA, 16 U.S.C. § 1533(b)(3)(A), Failure To Comply with the ESA in Reaching a 90-day Determination on a Petition To Delist a Species)

52. The Conservation Groups hereby incorporate their answers to paragraphs 1-51 of the First Amended Complaint.

53. The allegations contained in paragraph 53 purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. Conservation Groups deny each allegation inconsistent with the ESA's plain language, context, or meaning.

54. The allegations in paragraph 54 are conclusions of law and require no response. To the extent a response is required, the Conservation Groups deny the allegations.

55. The allegations in paragraph 55 are conclusions of law and require no response. To the extent a response is required, the Conservation Groups deny the allegations.

## VIII. SECOND CLAIM FOR RELIEF

(Violation of the Administrative Procedure Act, 5 U.S.C. § 706(2)(A), Unlawful Agency Action)

56. The Conservation Groups hereby incorporate their answers to paragraphs 1-55 of the First Amended Complaint.

57. The allegations contained in paragraph 57 purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. Conservation Groups deny each allegation inconsistent with the ESA's plain language, context, or meaning.

58. The allegations in paragraph 58 are conclusions of law and require no response. To the extent a response is required, the Conservation Groups deny the allegations.

## PRAYER FOR RELIEF

The remainder of Plaintiffs' Complaint consists of their request for relief, to which no response is required. To the extent a response is required, the Conservation Groups deny that Plaintiffs are entitled to the relief they seek or to any relief whatsoever.

## GENERAL DENIALS

The Conservation Groups deny any allegations of Plaintiffs' Complaint, whether express or implied, that are not expressly admitted, denied, or qualified herein. Nothing in this answer is, or shall be construed to be, a waiver of the Conservation Groups' right to timely bring its own claims. The Conservation Groups reserve the right to revise, supplement, answer, and plead further defenses as appropriate and necessary as this matter develops.

## DEFENSES

1.    One or more of Plaintiffs' claims fails to state a claim for which relief can be granted.

2.    The Court lacks subject matter jurisdiction over one or more of Plaintiffs' claims.

WHEREFORE, the Conservation Groups respectfully pray that this Court deny Plaintiffs' Prayer for Relief in all respects, dismiss its Complaint, enter judgment for the Defendants, and grant such other relief as may be appropriate.

Dated: November 21st, 2016

Respectfully submitted,

Jeff Mundy (Texas Bar No. 14665575)
THE MUNDY FIRM PLLC
4131 Spicewood Springs Road
Suite O-3
Austin, Texas 78759
Phone: 512-334-4300
Email: jeff@jmundy.com

Jared Margolis (*Pro Hac Vice* Applicant)
(Oregon Bar No. 146145)
CENTER FOR BIOLOGICAL DIVERSITY
2852 Williamette Street #171
Eugene, OR 97405
Phone: (802) 310-4054
Email: jmargolis@biologicaldiversity.org

Jason C. Rylander (*Pro Hac Vice* Applicant)
(Virginia Bar No. 45827)
DEFENDERS OF WILDLIFE
1130 17th Street, N.W.
Washington, D.C. 20036
Telephone: (202) 682-9400
Facsimile: (202) 682-1331
jrylander@defenders.org

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of (title of document) _Intervenor's Proposed Answer ECF 24_
was served by (method of delivery) _E-mail_
on (date) _11-22-16_ to: _All counsel of Record_

Name: _____
Fax/E-Mail _____
Address: _____
_____

Name: _____
Fax/E-Mail _____
Address: _____
_____

Name: _____
Fax/E-Mail _____
Address: _____
_____

Name: _____
Fax/E-Mail _____
Address: _____
_____

Name: _____
Fax/E-Mail _____
Address: _____
_____

Signed Name: _Jeffery Mundy_
Printed Name: _Jeffery Mundy_