IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

|  |  |
|---|---|
| AMERICAN STEWARDS OF LIBERTY, *et al.*, | ) ) ) ) |
| Plaintiffs, | ) Civil No. 1:15-cv-01174-LY |
| v. | ) ) ) |
| DEPARTMENT OF INTERIOR, *et al.*, | ) ) |
| Defendants, | ) ) ) |

**CENTER FOR BIOLOGICAL DIVERSITY, TRAVIS AUDUBON, AND DEFENDERS OF WILDLIFE'S MOTION TO INTERVENE AS DEFENDANTS**

The Center for Biological Diversity, Travis Audubon, and Defenders of Wildlife (collectively, the "Conservation Groups") respectfully move to intervene as of right in this action, or in the alternative, for permissive intervention. Fed. R. Civ. P. 24. The Conservation Groups seek this intervention to defend the U.S. Fish and Wildlife Service's ("FWS") decision to reject a petition to remove the Bone Cave harvestman ("harvestman") from the list of endangered species, and to defend the constitutionality of FWS's authority to protect the harvestman under the federal Endangered Species Act, 16 U.S.C. §§ 1531-1544 ("ESA").

**I.   INTRODUCTION**

Plaintiffs are challenging FWS's negative 90-day finding on a petition to delist the Bone Cave harvestman, which FWS found did not to present substantial scientific or commercial information to show that delisting may be warranted due to the level of threats to its habitat. 80 Fed. Reg. 30,990 (June 1, 2015). Williamson County and an individual intervened on behalf of Plaintiffs to bring separate claims, arguing that ESA protections cannot extend to the Bone Cave

harvestman under the federal Commerce Clause—an argument that the Fifth Circuit has already considered and flatly rejected specifically as it relates to the harvestman. *GDF Realty v. Norton,* 326 F.3d 622 (5th Cir. 2003).

The Conservation Groups have an unmistakable interest in protecting the Bone Cave harvestman and ensuring the FWS's authority to enforce the ESA is fully defended and upheld. The motion is timely, and the Conservation Groups meet all requirements to intervene as right under Rule 24(a). Fed. R. Civ. P. 24(a). If this Court determines otherwise, the Conservation Groups respectfully request this Court grant them permissive intervention under Rule 24(b), and in the alternative to allow Conservation Groups to file a brief as *amicus curiae*.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

### A. The Center for Biological Diversity, Travis Audubon and Defenders of Wildlife

The Center for Biological Diversity (the "Center") is a non-profit 501(c)(3) organization with more than 50,000 active members and more than one million online activists dedicated to the protection of endangered species and wild places. Declaration of David Noah Greenwald ("Greenwald Decl.") ¶ 3. The Center works through science, law, and creative media to secure a future for all species, great or small, hovering on the brink of extinction. *Id.* The Center and its members are concerned with the conservation of imperiled species, including the Bone Cave harvestman, and the effective implementation of the ESA. Greenwald Decl. ¶ 3, 6.

Travis Audubon is a non-profit organization and an independent chapter of the National Audubon Society. Travis Audubon recognizes the connection between conserving wildlife habitat and the ecological balance that is necessary for healthy, sustainable, and habitable communities. Declaration of Clifton Ladd ("Ladd Decl.") ¶ 4. The FWS listed the Bone Cave harvestman as endangered in 1988 after Travis Audubon filed a petition for ESA protection.

Defenders of Wildlife is a not-for-profit conservation organization with more than 372,000 active members and nearly 1.2 million members, donors, and online activists, including nearly 39,600 supporters in Texas. Declaration of Michael P. Senatore ("Senatore Decl.") ¶ 3. Defenders is dedicated to the appreciation and protection of wild animals and plants in their ecological roles within the natural environment. Senatore Decl. ¶ 4. Defenders advocates for wildlife conservation geared to restoring imperiled species and preventing others from becoming threatened or endangered. *Id.*

The Conservation Groups specifically work to protect imperiled species and the ecosystems upon which these species depend, giving them concrete and substantial interests in the specific rule, regulations, and laws at issue here.  Greenwald Decl. ¶ 3; Ladd Decl. ¶ 4; Senatore Decl. ¶ 4.  Moreover, the Conservation Groups have worked extensively to protect karst-dependent species and karst habitat in Texas Hill Country, and to protect and recover the Bone Cave harvestman specifically—Travis Audubon filed the formal petition for ESA protection in 1985, 53 Fed. Reg. 36,029, 36,030 (Sept. 16, 1988)—evidencing a particularized interest directly on point to the case at hand.  Greenwald Decl. ¶ 9, 10; Ladd Decl. ¶ 13.[1]

Defenders participated in the last case addressing the constitutionality of protections for the Bone Cave harvestman, filing an amicus brief on behalf of multiple conservation organizations in *GDF Realty Invs., Ltd. v. Norton*, 326 F.3d 622 (5th Cir. 2003), *cert. denied*,

---

[1] For example, in 2000 the Center filed a successful action to secure critical habitat designations for nine karst invertebrates that live only in Bexar County, and in 2007 the Center filed a separate lawsuit that prompted FWS to expand each of these critical habitat protections, including the critical habitat designation for a harvestman species.  77 Fed. Reg. 8450, 8452 (Feb. 14, 2012). The Center has also intervened in other cases where the constitutionality of the ESA was attacked, in order to defend the FWS's authority to protect species under the ESA.  *See* Greenwald Decl. ¶ 10; *Markle Interests v. US Fish & Wildlife Serv.*, No. 14-31008 (5th Cir. 2016).

545 U.S. 1114 (2005). Defenders has also filed briefs in support of federal constitutional authority for wildlife protection in similar cases, demonstrating its organizational interest in ESA protections for the Bone Cave harvestman and all imperiled species. The Conservation Groups therefore have an unmistakable interest in the habitat and legal rights at stake here. *Diaz v. S. Drilling Corp.,* 427 F. 2d 1118, 1124 (5th Cir. 1970).

### B. ESA Protections for the Bone Cave Harvestman

The FWS listed the Bone Cave harvestman as an endangered species in 1988. 53 Fed. Reg. 36,029, 36,030 (Sept. 16, 1988). Efforts to strip ESA protections started soon thereafter. FWS rejected a previous attempt to delist the species, 59 Fed. Reg. 11,755, 11,756 (March 14, 1994), and developers sued over Bone Cave harvestman protections in 2000, arguing that FWS has no authority under the Commerce Clause to enforce the ESA for the Bone Cave harvestman. This argument was unambiguously rejected by the Fifth Circuit. *GDF Realty v. Norton,* 326 F.3d 622, 641 (5th Cir. 2003) ("application of ESA's take provision to the Cave Species is a constitutional exercise of the *Commerce Clause* power."). Most recently, on December 4, 2009, FWS completed a Five-Year Status Review of the Bone Cave harvestman, which recommended that the species remain listed as endangered. *See* 80 Fed. Reg. at 30,990.

### III. ARGUMENT

### A. Intervention is Proper as a Matter of Right

Rule 24(a) of the Federal Rules of Civil Procedure permits "anyone to intervene who … claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest. The Fifth

Circuit looks to "(1) timeliness, (2) an interest relating to the action, (3) that the interest would be impaired or impeded by the case, and (4) that the interest is not adequately represented by the parties." *In re Lease Oil Antitrust Litigation*, 570 F.3d 244, 247 (5th Cir. 2009). Rule 24 "is to be liberally construed, with doubts resolved in favor of the proposed intervenor." *Entergy Gulf States La. v. U.S. Envtl. Prot. Agency,* 817 F.3d 198, 203 (5th Cir. 2016).[2]

### 1.   Intervention Is Timely

Timeliness "depends on a review of all the circumstances," and the Fifth Circuit considers when intervenors learned about their stake in the case, the potential for prejudice to existing parties, as well as prejudice to proposed intervenors if a motion for intervention is denied. *Trans Chem. Ltd. v. China Nat'l Machinery Imp. & Exp. Corp.*, 332 F.3d 815, 822 (5th Cir. 2003). The Conservation Groups easily meet the test for intervention here with respect to both Plaintiff and Plaintiff-Intervenors, particularly in light of the circumstances and context of their proposed intervention. Conservation Groups bring this motion quickly upon learning of their interests at stake and before intervention becomes prejudicial to existing parties or impedes related proceedings.

The administrative record in this case was lodged just a few months ago (ECF 38), and no substantive motions on Plaintiffs' claims nor have any been decided to date. In moving to intervene, Conservation Groups do not seek to re-open a discovery window, supplement the administrative record, or ask this Court to reconsider any phase of this litigation that has already

---

[2] The Fifth Circuit holds that intervenors do not need "to independently possess standing where the intervention is into a *subsisting and continuing* Article III case or controversy and the ultimate relief sought by the intervenors is also being sought by at least one subsisting party with standing to do so." *Newby v. Enron Corp.*, 443 F.3d 416, 422 (5th Cir. 2006) (emphasis in original) (internal quotation omitted). Nevertheless, the Conservation Groups' declarations in support of intervention also demonstrate the organizations' standing in this case.

concluded—making intervention timely and proper, with no prejudice to the existing parties. *Wal-Mart Stores, Inc. v. Tex. Alcoholic Beverage Comm'n,* 2016 U.S. App. LEXIS 15378, at *3 (5th Cir. Aug. 22, 2016) ("Because the Association sought intervention before discovery progressed and because it did not seek to delay or reconsider phases of the litigation that had already concluded, the Association's motion was timely."). The standards for timely intervention are therefore clearly met here for Conservation Groups.

Furthermore, Federal Defendants entered into formal settlement negotiations with Plaintiffs, and then recently filed a Motion for Voluntary Remand with respect to Plaintiffs' claims. (ECF 45). The fact that Federal Defendants formalized the settlement negotiations signals they may be willing to make concessions on their decision to reject the de-listing petition, which may be contrary to the Conservation Groups' interest in seeing that the species remains fully protected under the ESA. These facts are important because "[t]he timeliness clock does not start running until the putative intervenor also knows that class counsel will not represent his interest," *Poynor*, 570 F.3d at 248 (internal citation omitted), and until recently, Conservation Groups "legitimately believed" FWS would fully defend its decision on the delisting decision. *Sierra Club v. Espy*, 18 F. 3d 1202, 1206 (5th Cir. 1994). The Conservation Groups moved to file this intervention motion quickly upon learning their interests may no longer be protected, making their intervention timely and proper here. *Id.*

Similarly, the proceedings on Plaintiff-Intervenors' claims are at an early stage with no substantive issues decided. Pursuant to the court's scheduling order, Plaintiff-Intervenors' filed a motion for summary judgment on November 15, 2016. If granted intervention, the Conservation Groups would file their opposition and cross-summary judgment motion in the same timeframe as Federal Defendants, by January 13, 2017 (ECF 35). Thus, the Conservation Groups'

intervention at this early stage would not prejudice the existing parties, nor would it delay any proceedings, and this motion squarely satisfies the timeliness requirements of Rule 24.[3] *John Doe No. 1 v. Glickman*, 256 F.3d 371, 377 (5th Cir. 2001).

### 2. The Conservation Groups Have Legally Protected Interests At Stake

The Conservation Groups also clearly have "an interest relating to the property or transaction that is the subject of the action." Fed. R. Civ. P. 24(a)(2); *see also In re Lease Oil Antitrust Litig.*, 570 F.3d at 250. The Fifth Circuit holds that proposed intervenors must point to an interest that is "direct, substantial, [and] legally protectable," *Ross v. Marshall*, 426 F.3d 745, 757 (5th Cir. 2005); however, to pass the test, "[a]ll that is required … is an interest in the property or other rights that are at issue, provided the other elements of intervention are present." *Diaz v. Southern Drilling Corp.,* 427 F. 2d 1118, 1124 (5th Cir. 1970).

As set forth above, the Conservation Groups' missions are to protect species and the ecosystems upon which these species depend, as well as the legal framework that protects them, giving them a direct and substantial interest in the specific agency action challenged here, as well as the constitutional claims made by Plaintiff-Intervenors. Greenwald Decl. ¶ 3. Ladd Decl. ¶ 4; Senatore Decl. ¶ 4, 6-7. Moreover, the Conservation Groups have worked extensively to protect karst-dependent species and karst habitat in Texas Hill Country, and also to protect and recover the Bone Cave harvestman in particular, evidencing a direct interest in the claims being made by Plaintiffs. *See* Ladd Decl. ¶ 6-14; Senatore Decl. ¶ 7.

---

[3] Plaintiff-Intervenors cited several Fifth Circuit cases for the proposition that a motion for intervention is timely if made before trial and any final judgment, and that intervention motions made before final judgment has been entered are normally granted. Plaintiff-Intervenors' Motion to Intervene (ECF 2) at 6.

These long-standing interests provide a sufficient basis for intervention in this case. *See, e.g.*, *Idaho Farm Bureau Fed'n. v. Babbitt*, 58 F.3d 1392, 1397 (9th Cir. 1995) ("[a] public interest group is entitled as a matter of right to intervene in an action challenging the legality of a measure it had supported."); *Sagebrush Rebellion, Inc. v. Watt*, 713 F.2d 525, 526-528 (9th Cir. 1983) (environmental groups' "environmental, conservation and wildlife interests" were sufficient for intervention as a matter of right).

### 3.     This Action Threatens to Impair Applicant-Intervenors' Interests

There is no question that the disposition of Plaintiffs' and Plaintiff-Intervenors' claims has the potential to impair the Conservation Groups' interests in protecting the Bone Cave harvestman, as well as the protections afforded to other imperiled intrastate species under the ESA. Courts have repeatedly found an environmental group's interest in a particular species that has been targeted for delisting sufficient to sustain intervention in lawsuits such as this, and it is important to reiterate here that Travis Audubon was the party that petitioned to have the species listed in the first instance, evidencing a clear interest in protecting the species. *See Idaho Farm Bureau Federation*, 58 F.3d at 1398; *Coalition of Arizona/New Mexico Counties for Stable Economic Growth* 100 F.3d at 844 (holding that intervenor's interest in the protection of the Mexican spotted-owl would, "as a practical matter," be impaired by a ruling in favor of the plaintiffs to delist the owl); *see also Sierra Club v. Espy*, 18 F.3d 1202, 1207 (5th Cir. 1994).

The Conservation Groups and their members and staff would be harmed both professionally and personally if the Bone Cave harvestman is no longer protected under the ESA. Greenwald Decl. ¶ 6, 7; Ladd Decl. ¶ 10-12; Senatore Decl. ¶ 7, 10-12. In addition, if the Conservation Groups are not allowed to intervene in this action to defend the constitutionality of

the ESA, their ability to carry out their missions will be significantly impaired. Greenwald Decl. ¶ 8; Ladd Decl. ¶ 15; Senatore Decl. ¶ 7, 12.

### 4. Conservation Groups' Interests Are Not Represented By Other Parties

While Conservation Groups were hopeful that Federal Defendants would defend against the claims brought by Plaintiffs and Plaintiff-Intervenors, Conservation Groups' confidence level eroded after Federal Defendants voluntarily dismissed their motion to dismiss (ECF 21), initiated settlement discussions (ECF 37), stayed the proceedings (ECF 39), and have now filed a motion for voluntary remand (ECF 43, 45).  Federal Defendants actions signal they may be willing to make concessions on their decision to reject the de-listing petition, elevating Conservation Groups' concern that Federal Defendants will not adequately represent their interests in ensuring the Bone Cave harvestman remains protected under the ESA.

Furthermore, the constitutionality of the ESA is fundamental to the work that Conservation Groups do; therefore, it would be dangerous to assume that the Federal Defendants will fully represent the Conservation Groups' interests—not only here, but if this matter is elevated on appeal.  Several Fifth Circuit decisions have noted that while a government agency may represent the public interest, that does not mean that the specific interests of other entities or organizations are adequately represented for purposes of intervention. *See Sierra Club v. Glickman*, 82 F.3d 106, 110 (5th Cir. 1996) (per curiam); *Sierra Club v. Espy*, 18 F.3d 1202, 1207-08 (5th Cir. 1994).  The Conservation Groups' interests are therefore not represented by other parties in this matter, and intervention is warranted.

B.  **In the Alternative, Permissive Intervention or Participation as Amicus Curiae Is Warranted**

Should this Court find that Conservation Groups are not entitled to intervene as of right under Rule 24(a), they ask this Court to grant permission to intervene pursuant to Federal Rule of Civil Procedure 24(b), which is left to the sound discretion of the district court.  Fed. R. Civ. P. 24(b)(1) and (3); *Edwards v. City of Houston*, 78 F.3d 983, 999 (5th Cir. 1996).  As discussed above in the context of intervention as of right, the intervention application is timely and will not delay the proceedings, therefore Plaintiff and Plaintiff-Intervenors will not be prejudiced by Conservation Groups' intervention in this early phase of the proceeding.  Moreover, in order to protect their interests, the Conservation Groups must raise defenses that share common questions of law and fact with Plaintiffs' and Plaintiff-Intervenors' claims, as they address the same matters Plaintiffs and Plaintiff-Intervenors raised as to the protection of the Bone Cave harvestman and the reach of the ESA. Therefore, permissive intervention, or in the alternative participation as an amicus curiae, is warranted.

IV.   CONCLUSION

For the foregoing reasons, the Conservation Groups should be allowed to intervene in this matter in order to protect their interests in ensuring that the Bone Cave harvestman remains protected under the ESA, and to defend the constitutionality of FWS's authority to protect intrastate species under the ESA.

Dated: December 12, 2016                      Respectfully submitted,

                                              */s/ Jeff Mundy*
                                              Jeff Mundy (Texas Bar No. 14665575)
                                              THE MUNDY FIRM PLLC
                                              4131 Spicewood Springs Road, Suite O-3
                                              Austin, TX 78759

*Conservation Groups' Mot. to Intervene*
Case No. 1:15-cv-01174-LY
Page 10

Phone: 512-334-4300
Email: jeff@jmundy.com

Jared M. Margolis (*Pro Hac Vice*)
(Oregon Bar No. 146145)
CENTER FOR BIOLOGICAL DIVERSITY
2852 Williamette Street #171
Eugene, OR 97405
Phone: (802) 310-4054
Email: jmargolis@biologicaldiversity.org

Jason C. Rylander (*Pro Hac Vice*)
(Virginia Bar No. 45827)
DEFENDERS OF WILDLIFE
1130 17th Street, N.W.
Washington, D.C. 20036
Telephone: (202) 682-9400
Facsimile: (202) 682-1331
jrylander@defenders.org

*Attorneys for Proposed Intervenor-Defendants Center for Biological Diversity, Travis Audubon, and Defenders of Wildlife*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| AMERICAN STEWARDS OF LIBERTY, et al.<br>     Plaintiffs,<br><br>v.<br><br>UNITED STATES FISH & WILDLIFE SERVICE, et al.<br>     Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | No. 1:15-cv-01174-LY |

## **[PROPOSED] ORDER**

This Court, having considered Applicants' Motion to Intervene, and for good cause shown, **HEREBY ORDERS** that Applicants' Motion to Intervene is GRANTED.

**IT IS SO ORDERED** on this \_\_ day of _____, 2016.

_____
HON. LEE YEAKEL
UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

I hereby certify that on December 12, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Robert E. Henneke
rhenneke@texaspolicy.com
Chance D. Weldon
cweldon@texaspolicy.com
Texas Public Policy Foundation
Center for the American Future
901 Congress Avenue
Austin, TX 78701
Tel:    512.472.2700
Fax:    512.472.2728
*Attorneys for Intervenor-Plaintiffs*

Jeremey Hessler
jeremy.hessler@usdoj.gov
Lesley K. Lawrence-Hammer
lesley.lawrence-hammer@usdoj.gov
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, DC 20044-7611
Tel:    202.305.0217
Fax:    202.305.0275
*Attorneys for Federal Defendants*

Paul S. Weiland
pweiland@nossaman.com
NOSSAMAN LLP
18101 Von Karman Avenue, Suite 1800
Irvine, CA 92612
Tel:    949.833.7800
Fax:    949.833.7878
*Attorney for Plaintiffs*

/s/ Jason C. Rylander
Jason C. Rylander (*Pro Hac Vice*)
(Virginia Bar No. 45827)
DEFENDERS OF WILDLIFE
1130 17th Street, N.W.
Washington, D.C. 20036
Telephone: (202) 682-9400
Facsimile: (202) 682-1331
jrylander@defenders.org