IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

|  |  |  |
|---|---|---|
| AMERICAN STEWARDS OF LIBERTY, *et al.*, | ) ) ) ) | |
| Plaintiffs, | ) ) | Civil No. 1:15-cv-01174-LY |
| v. | ) ) ) | |
| DEPARTMENT OF INTERIOR, *et al.*, | ) ) | |
| Defendants, | ) ) | |

**CENTER FOR BIOLOGICAL DIVERSITY, TRAVIS AUDUBON, AND DEFENDERS OF WILDLIFE'S REPLY TO PLAINTIFFS' AND PLAINTIFF-INTERVENORS' OPPOSITION TO MOTION TO INTERVENE**

The Center for Biological Diversity, Travis Audubon, and Defenders of Wildlife (collectively, the "Conservation Groups") have moved to intervene as of right in this action, or in the alternative for permissive intervention,[1] to ensure that the Bone Cave harvestman ("harvestman") remains protected under the Endangered Species Act, 16 U.S.C. §§ 1531-1544 ("ESA"), and to defend the constitutionality of the U.S. Fish and Wildlife Service's ("FWS") authority to protect the harvestman and other intrastate species under the ESA.  Plaintiffs and Plaintiff-Intervenors[2] have opposed the Conservation Groups' motion, arguing that (i) the Motion is untimely; and (ii) fails to demonstrate that the Conservation Groups' interests in this case are inadequately represented by the Federal Defendants.  Plaintiffs' arguments are without

---

[1] Should the Court determine that Conservation Groups have not met the requirements for intervention, they ask to be allowed to submit a brief as *amicus curiae*.
[2] Plaintiff-Intervenors filed a separate Response to Conservation Groups' motion, however it provides no distinct arguments and merely concurs with the arguments set forth in Plaintiffs' Opposition.

support or merit, and for the reasons set forth in Conservation Groups' Motion and herein, the

Motion should be granted.

### A.     Intervention Is Timely

Plaintiffs argue that the Conservation Groups' motion is untimely; however, they fail to

address the pertinent case law in the Fifth Circuit holding that a motion for intervention is timely

if made before final judgment, as is the case here. *See Association of Professional Flight

Attendants v. Gibbs*, 804 F.2d 318 (5th Cir. 1986). In fact, when Plaintiff-Intervenors moved to

intervene in this matter, they cited several Fifth Circuit cases for the proposition that a motion for

intervention is timely if made before trial and any final judgment, and that intervention motions

made before final judgment has been entered are normally granted. Doc. No. 2 at 6 (citing *John

Doe No. 1 v. Glickman*, 256 F.3d 371, 377 (5th Cir. 2001); *Edwards v. City of Hous.*, 78 F.3d

983, 1001 (5th Cir. 1996)). It is therefore entirely inconsistent with their own position to now

argue that Conservation Groups' Motion to Intervene is not timely, given that this case is far

from final judgment with no substantive issues decided.

Plaintiffs maintain that Conservation Groups' Motion is untimely because they waited

"six months to file their Motion;" however, they cite to no case law indicating a specific

timeframe for filing for intervention. In fact the Fifth Circuit has specifically found that a five

month interval was not unreasonable, *Edwards v. City of Houston*, 78 F.3d 983, 1001 (5th Cir.

1996), and therefore Plaintiffs' protestations are inapposite.

Plaintiffs rely solely on *Sommers v. Bank of America* (which sets forth the basic test for

evaluate timeliness) to argue that the Conservation Groups' should have moved sooner based on

their interests; however, Plaintiffs failed entirely to dispute this Circuit's holding in *Sierra Club

v. Espy*, 18 F. 3d 1202, 1206 (5th Cir. 1994), which found that "[a] better gauge of promptness is

the speed with which the would-be intervenor acted when it became aware that its interests would no longer be protected by the original parties.") (internal citation omitted).  Contrary to the Plaintiffs' claims, Conservation Groups did move to intervene quickly upon learning their interests may no longer be protected, as shown in Conservation Groups' Motion.

Plaintiffs' claims regarding prejudice are likewise inapposite.  They point to no actual prejudice other than the potential need to respond to additional motions from Conservation Groups; however, the need to respond to motions made by parties is an inherent aspect of litigation, and provides no basis for a showing of prejudice.  Plaintiffs' argument that the timing of Conservation Groups' motion somehow deprived Plaintiff-Intervenors of the opportunity to "address the Motion or the Conservation Groups' Proposed Answer in the Plaintiff-Intervenors' MSJ" is misplaced.  Doc. No. 83 at 5.  There would be no reason for Plaintiff-Intervenors to address the Proposed Answer or Motion to Intervene in their MSJ, and the parties have clearly been given the opportunity to respond herein to Conservation Groups' Motion.

Plaintiffs assert the potential for prejudice if Conservation Groups were to seek discovery if allowed to intervene, but Conservation Groups specifically stated in their Motion that they do not seek to re-open a discovery window, supplement the administrative record, or ask this Court to reconsider any phase of this litigation that has already concluded.  Plaintiffs also fail to address the case law on this point.  *See, i.e., Wal-Mart Stores, Inc. v. Tex. Alcoholic Beverage Comm'n,* 2016 U.S. App. LEXIS 15378, at *3 (5th Cir. Aug. 22, 2016) ("Because the Association sought intervention before discovery progressed and because it did not seek to delay or reconsider phases of the litigation that had already concluded, the Association's motion was timely.").  Intervention here will have no effect on the trial schedule.

Moreover, Plaintiffs are incorrect that Conservation Groups would suffer no prejudice if their Motion were denied. Travis Audubon was the initial petitioner for the listing of the harvestman, and therefore has a clear interest in ensuring that it continues to be protected under the ESA. Further, the Conservation Groups provided declarations that evidence the direct harm to their interests that would occur should Plaintiff-Intervenors prevail on their constitutional claims. The Conservation Groups' missions are to protect species and the ecosystems upon which these species depend, as well as the legal framework that protects them. Conservation Groups thus have a direct and substantial interest in the specific agency action challenged here, as well as in the constitutional claims made by Plaintiff-Intervenors. *See* Greenwald Decl. ¶ 3. Ladd Decl. ¶ 4; Senatore Decl. ¶ 4, 6-7.

The Conservation Groups have worked extensively to protect karst-dependent species and karst habitat in Texas Hill Country, and to protect and recover the Bone Cave harvestman in particular. This further evidences a direct interest in the claims Plaintiffs have raised. *See* Ladd Decl. ¶ 6-14; Senatore Decl. ¶ 7. Denying Conservation Groups the ability to participate would therefore prejudice their interests by undermining their ability to protect both the harvestman and the legal framework on which their work depends. These are not generalized interests, as Plaintiffs aver, but rather are substantial, direct and protectable interests specific to these organizations. *See Chambers Med. Found. v. Petrie*, 221 Fed. App'x 349, 350 (5th Cir. 2007).

If granted intervention, the Conservation Groups would file their opposition and cross-summary judgment motion in the same timeframe as Federal Defendants. Thus, the Conservation Groups' intervention at this early stage would not prejudice the existing parties, nor would it delay any proceedings, and this motion squarely satisfies the timeliness requirements of Rule 24. *John Doe No. 1 v. Glickman*, 256 F.3d 371, 377 (5th Cir. 2001).

**B.      Conservation Groups' Interests Are Not Represented By Other Parties**

Plaintiffs argue that the Federal Defendants adequately represent the interests of the Conservation Groups, yet they fail entirely to address the settled Fifth Circuit case law holding that a government agency does not represent the specific interests of other entities for purposes of intervention.  *See Sierra Club v. Glickman*, 82 F.3d 106, 110 (5th Cir. 1996) (per curiam); *Sierra Club v. Espy*, 18 F.3d 1202, 1207-08 (5th Cir. 1994).  Plaintiffs only argue that Conservation Groups have provided "unsupported allegations" that Defendants will fail to defend their listing decision; however, Conservation Groups noted that Federal Defendants formalized the settlement negotiations, stipulated to stay the proceedings, and have now moved to remand to consider additional materials, signaling that they may be willing to make concessions on their decision to reject the de-listing petition.  Plaintiffs cite to no case law indicating that this is an insufficient showing that Defendants may not fully represent Conservation Groups' interests in this matter

Furthermore, Conservation Groups have provided declarations indicating that the constitutionality of the ESA is fundamental to the work that they do; therefore, it would be prejudicial to assume that the Federal Defendants will fully represent the Conservation Groups' interests—not only here, but if this matter is elevated on appeal.  The Conservation Groups' interests are therefore not adequately represented by other parties in this matter.

**I.      CONCLUSION**

For the foregoing reasons, the Conservation Groups should be allowed to intervene in this matter to protect their interests in ensuring that the Bone Cave harvestman remains protected under the ESA, and to defend the constitutionality of the ESA to protect intrastate species.

Dated: December 23, 2016                          Respectfully submitted,

 /s/ Jeff Mundy
Jeff Mundy (Texas Bar No. 14665575)
THE MUNDY FIRM PLLC
4131 Spicewood Springs Road
Suite O-3
Austin, Texas 78759
Phone: 512-334-4300
Email: jeff@jmundy.com

/s/ Jared M. Margolis
Jared M. Margolis (*Pro Hac Vice*)
(Oregon Bar No. 146145)
CENTER FOR BIOLOGICAL DIVERSITY
2852 Williamette Street #171
Eugene, OR 97405
Phone: (802) 310-4054
Email: jmargolis@biologicaldiversity.org

/s/ Jason C. Rylander
Jason C. Rylander (*Pro Hac Vice*)
(Virginia Bar No. 45827)
DEFENDERS OF WILDLIFE
1130 17th Street, N.W.
Washington, D.C. 20036
Telephone: (202) 682-9400
Facsimile: (202) 682-1331
Email: jrylander@defenders.org

## CERTIFICATE OF SERVICE

I hereby certify that on December 22, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Robert E. Henneke
rhenneke@texaspolicy.com
Chance D. Weldon
cweldon@texaspolicy.com
Texas Public Policy Foundation
Center for the American Future
901 Congress Avenue
Austin, TX 78701
Tel:    512.472.2700
Fax:    512.472.2728
*Attorneys for Intervenor-Plaintiffs*

Jeremey Hessler
jeremy.hessler@usdoj.gov
Lesley K. Lawrence-Hammer
lesley.lawrence-hammer@usdoj.gov
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, DC 20044-7611
Tel:    202.305.0217
Fax:    202.305.0275
*Attorneys for Federal Defendants*

Paul S. Weiland
pweiland@nossaman.com
NOSSAMAN LLP
18101 Von Karman Avenue, Suite 1800
Irvine, CA 92612
Tel:    949.833.7800
Fax:    949.833.7878
*Attorney for Plaintiffs*


/s/ Jason C. Rylander
Jason C. Rylander (*Pro Hac Vice*)
(Virginia Bar No. 45827)
DEFENDERS OF WILDLIFE
1130 17th Street, N.W.
Washington, D.C. 20036
Telephone: (202) 682-9400
Facsimile: (202) 682-1331
jrylander@defenders.org