IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| AMERICAN STEWARDS OF LIBERTY, *et al.*, | § § § § | |
| *Plaintiffs*, | § § | CIVIL ACTION NO. 15-cv-1174-LY |
| v. | § § | |
| DEPARTMENT OF THE INTERIOR, *et al.*, | § § § | |
| *Defendants*. | § § | |

**JOINT SCHEDULING REPORT**

Plaintiffs, Plaintiff-Intervenors, and Federal Defendants hereby submit the following joint scheduling report pursuant to the Court's order of June 5, 2017 (ECF No. 103). The parties have narrowed the number of issues, but there still remains a disagreement as to the appropriate case management schedule. The parties' positions regarding the schedule are set forth below, and Federal Defendants' proposed schedule is attached as Exhibit A.

1. <u>Plaintiffs:</u>

Plaintiffs agree with the schedule to govern the remainder of the case set forth in Paragraphs 1 to 4.c. of Exhibit A. With respect to briefing of summary judgment motions, Plaintiffs are amenable to either the schedule proposed by Plaintiff-Intervenors for them to proceed with Plaintiffs claims being briefed, if necessary, after Plaintiff-Intervenors claims are decided, or the schedule proposed by Federal Defendants in Paragraph 4.d. of Exhibit A, with simultaneous briefing of both Plaintiffs and Plaintiff-Intervenors claims.

1

2. Plaintiff-Intervenors:

Plaintiff-Intervenors propose that the Court simply step back into this case where it was when the stay was granted. When the stay was entered, Plaintiff-Intervenors' summary judgment motion was fully briefed pending Federal Defendants' response and cross-motion. Where Federal Defendants sought a stay and remand in order to reconsider their position because they had erred by failing to consider materials submitted to the Service in supporting of the delisting petition for the Bone cave Harvestman, the recent 90-day determination reaches the same ultimate conclusion as the prior determination and does not change the parties' claims or positions before the Court. Nothing has changed in terms of the posture of this case, except that the Service acknowledged it erred and reconsidered its position because Plaintiffs challenged the prior 90-day determination. Plaintiff-Intervenors assert a pure legal issue that may be dispositive of the entire case. Rather than Federal Defendants' proposal to start this lawsuit filed 2015 over from the beginning, Plaintiff-Intervenors' constitutional questions are ripe and ready to be ruled upon. Depending on the disposition of those questions, the parties can then report on next steps. Plaintiff-Intervenors propose the following schedule in order to resolve their pending Motion for Summary Judgment:

August 3, 2017 – Plaintiff-Intervenors may file a supplement (limited to five pages) to their previous Motion for Summary Judgment

September 4, 2017 – Federal Defendants can file Cross Motion for Summary Judgment (against Plaintiff-Intervenors only) and response to Plaintiff-Intervenors' Motion for Summary Judgment and any oppositions to motions to file amicus briefs

October 2, 2017 – Plaintiff-Intervenors file reply for their Motion for Summary Judgment and opposition to any Cross Motion for Summary Judgment

October 23, 2017 – Federal Defendants file reply for Cross Motion for Summary Judgment

Set by court – Hearing for motion on Plaintiff-Intervenor's Motion for Summary Judgment

3. <u>Federal Defendants</u>:

The Fish and Wildlife Service ("Service") has proposed a schedule to govern further proceedings in this case. *See* Exhibit A.[1] This proposed schedule is very similar to the prior schedule the parties jointly proposed, and this Court entered, in this case. *See* ECF No. 35.

A new schedule that largely follows the Court's previous schedule makes sense because this case is essentially starting over. The Service has issued a new 90-day finding on the petition to remove the Bone Cave harvestman from the Federal List of Endangered and Threatened Wildlife under the Endangered Species Act ("ESA"). This new 90-day finding supersedes the Service's prior finding that Plaintiffs and Plaintiff-Intervenors originally challenged in this case. Presumably recognizing this, Plaintiff-Intervenors have indicated that they plan to file an amended or supplemental complaint to challenge the new finding. If they do so, moving forward, this case will challenge a new agency decision that differs from the one originally challenged by Plaintiffs' and Plaintiff-Intervenors' claims, and a comprehensive schedule that allows for complete briefing and evaluation of this new challenge is necessary to appropriately decide this case.

---

[1] Proposed Defendant-Intervenors Center for Biological Diversity, Travis Audubon, and Defenders of Wildlife filed a Motion to Intervene (ECF No. 46) on November 22, 2016 and a corrected Motion to Intervene on December 12, 2016 (ECF No. 72). That motion is fully briefed and remains pending before the Court. Should the Court grant the motion, Proposed Defendant-Intervenors join the Federal Defendants' position with respect to scheduling, with the additional request that they be permitted to file their response to Plaintiff-Intervenors' pending Motion for Summary Judgment (ECF No. 42), or any new motions for summary judgment, one week following submission of Federal-Defendants' Response. The additional time is intended to minimize duplication of effort and is in the interest of judicial efficiency.

For example, after responding to any supplemental or amended complaints, the Service must lodge a new administrative record for the Court to consider *before* it adjudicates the merits of any party's claim. All parties have agreed that this case is governed by the Administrative Procedure Act ("APA").[2] Because the APA limits the scope of judicial review of the Service's new 90-day finding to the administrative record, the Service must lodge that record with the Court before briefing on the new finding begins. *See* 5 U.S.C. § 706 ("the court shall review the whole record or those parts of it cited by a party"). Additionally, the administrative record previously lodged in this case is no longer applicable, because it represented the Service's basis for reaching a different, now superseded, 90-day finding. The Service considered a different record when it reached its new 90-day finding, and that new administrative record must be placed before the Court if it will evaluate any challenges to the new finding.

Federal Defendants have proposed an orderly briefing schedule that allows for the disposition of both Plaintiffs and Plaintiff-Intervenors' claims simultaneously. This briefing schedule allows for an efficient, complete, and fair adjudication of the following issues:

- Any motions to supplement or amend complaints, and Federal Defendants' right to respond to the same, including by filing a motion to dismiss;
- The two pending motions to file amicus briefs;
- Any issues related to the contents of the new administrative record;
- Any issues related to whether discovery is appropriate; and
- Cross-motions for summary judgment filed by all parties.

---

[2] Plaintiffs' prior amended complaint cited the APA as the source of this Court's jurisdiction. ECF No. 24 ¶ 3. Plaintiff-Intervenors represented to this Court that its claims are also governed by the APA. ECF No. 11-1 at 5. The Court then adopted Plaintiff-Intervenors' argument in granting their motion to intervene. ECF No. 17 at 3.

4

This detailed schedule is necessary because of the number of parties and issues involved. Moreover, the history of this case shows that there is the potential for procedural disputes that will need to be resolved before summary judgment begins. *See, e.g.,* ECF No. 37 ¶ 8 (requesting the Court stay proceedings to allow the parties to resolve issues related to the administrative record); ECF No. 40 (minute order by Magistrate Judge Andrew W. Austin detailing proceedings of a discovery conference held to resolve discovery dispute); ECF No. 62 (requesting to extend discovery deadlines); ECF No. 72 (pending motion to intervene).

Plaintiff-Intervenors inappropriately propose to simply skip every intermediate step between the filing of supplemental or amended complaints and resolution of Plaintiff-Intervenors' previously filed motion for summary judgment challenging the Service's now superseded 90-day finding. Adopting this approach would not only inject significant procedural chaos into this case but would also prohibit a full and fair adjudication of challenges to the new 90-day finding. For example, Plaintiff-Intervenors agree that their claims are governed by an administrative record, yet they do not believe they must wait for the new administrative record to be lodged for the new 90-day finding before they brief the merits of that new finding. Similarly, they seek to ignore Defendants' right to respond to supplemental or amended pleadings, the need to resolve pending motions, and other procedural complexities in the hopes of rushing ahead to force a decision on a previously filed summary judgment motion that challenges a now superseded decision.

Plaintiff-Intervenors also seek to unnecessarily bifurcate the proceedings to allow Plaintiff-Intervenors' claims to proceed ahead of Plaintiffs' claims. Plaintiff-Intervenors urge this Court to decide their constitutional claims despite the fact that alternative non-constitutional avenues are available for resolution. Judicial restraint is warranted because a "Court will not decide a constitutional question if there is some other ground upon which to dispose of the case." *Nw. Austin Mun. Util. Dist.*

*No. One v. Holder*, 557 U.S. 193, 205 (2009) (quoting The Federalist No. 78, p. 526 (J. Cooke ed. 1961) (A. Hamilton)). Allowing Plaintiff-Intervenors to bifurcate the proceedings is also unfair and inefficient. It will unnecessarily drag out this case and effectively require the Service to defend its 90-day finding twice, while simultaneously giving Plaintiffs and Plaintiff-Intervenors two opportunities to attack that finding. This lawsuit was brought by Plaintiffs, and their claims should proceed alongside Plaintiff-Intervenors' claims.

Plaintiff-Intervenors fail to show that they will be prejudiced by the orderly schedule the Service proposes, and they offer no justification to warrant accepting their inefficient, incomplete, and chaotic alternative. Conversely, under Plaintiff-Intervenors' proposal, Defendants likely will be required to undertake multiple overlapping and competing tasks, including responding to any supplemental or amended complaints, compiling and lodging the administrative record, responding to the motions to file amicus briefs, responding to any discovery or administrative record motions, and responding to summary judgment briefs. Proceeding with the case in the manner proposed by Plaintiff-Intervenors will significantly prejudice the Service's ability to litigate all claims in a fair and efficient manner. Additionally, adopting Plaintiff-Intervenors' proposal is likely to lead to contentious motions to extend each of a host of deadlines, resulting in an even more unpredictable, ad-hoc schedule. *See, e.g.,* ECF Nos. 88, 90 (opposed motions for extensions).

Federal Defendants' proposed schedule accounts for the many procedural contingencies that have arisen before in this case and may arise again, while also providing the Court and parties with a complete schedule to fairly adjudicate each procedural and merits issue in this case. Therefore, Federal Defendants respectfully request that the Court adopt the proposed schedule contained in Exhibit A.

Dated: July 6, 2017

                Respectfully Submitted,

                JEFFREY H. WOOD
                Acting Assistant Attorney General
                SETH M. BARSKY, Chief
                MEREDITH L. FLAX, Assistant Chief

                /s/ *Jeremy Hessler*
                JEREMY HESSLER
                Trial Attorney (CA Bar # 281462)
                Email: jeremy.hessler@usdoj.gov

                */s/ Lesley Lawrence-Hammer*
                LESLEY LAWRENCE-HAMMER
                Trial Attorney (DC Bar # 982196)
                Email: lesley.lawrence-hammer@usdoj.gov

                U.S. Department of Justice
                Environment & Natural Resources Division
                Wildlife & Marine Resources Section
                Ben Franklin Station
                P.O. Box 7611
                Washington, DC 20044-7611
                Phone: (202) 305-0431
                Fax: (202) 305-0275 (fax)

                Of Counsel:

                FRANK LUPO
                United States Department of the Interior
                Office of the Solicitor
                Southwest Regional Office

                *Attorneys for Federal Defendants*

                NOSSAMAN LLP

                */s/ with permission as stated on 7/6/17*
                Paul S. Weiland (California Bar No. 237058)
                *Admitted to Practice in USDC, W.D. Tex.*
                pweiland@nossaman.com
                NOSSAMAN LLP
                18101 Von Karman Avenue, Suite 1800

Irvine, CA 92612
Telephone:     949.833.7800
Facsimile:     949.833.7878

Alan M. Glen (Texas Bar No. 08250100)
aglen@nossaman.com
Brooke M. Wahlberg (Texas Bar No. 24055900)
bwahlberg@nossman.com
NOSSAMAN LLP
816 Congress Avenue, Suite 970
Austin, TX  78701
Telephone:     512.651.0660
Facsimile:     512.651.0770

*Attorneys for Plaintiffs*
*American Stewards of Liberty; Charles and Cheryl Shell;*
*Walter Sidney Shell Management Trust; Kathryn*
*Heidemann; and Robert V. Harrison, Sr.*

ROBERT HENNEKE
Texas Bar No. 24046058
rhenneke@texaspolicy.com
CHANCE WELDON
Texas Bar No. 24076767
cweldon@texaspolicy.com
Texas Public Policy Foundation
Center for the American Future
901 Congress Avenue
Austin, TX 78701
Phone: 512-472-2700

*/s/ with permission as stated on 7/6/17*
CHAD ENNIS
Texas Bar No. 240045834
chad.ennis@bracewelllaw.com
KEVIN D. COLLINS
Texas Bar No. 24050438
kevin.collins@bracewelllaw.com
BRACEWELL LLP
111 Congress Avenue, Suite 2300
Austin, TX 78701
Phone: 512-472-7800

*Attorneys for Intervenor-Plaintiffs John Yearwood*
*and Williamson County, Texas*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 6, 2017, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using CM/ECF. Copies of the foregoing document will be served upon interested counsel via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Lesley Lawrence-Hammer*
Lesley Lawrence-Hammer