UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| AMERICAN STEWARDS OF | § | |
| LIBERTY, et al. | § | |
|     Plaintiffs, | § | |
| | § | No. 15-cv-1174-LY |
| v. | § | |
| | § | |
| UNITED STATES FISH & WILDLIFE | § | |
| SERVICE, et al. | § | |
|     Defendants. | | |

**FEDERAL DEFENDANTS' ANSWER TO PLAINTIFFS' CORRECTED SECOND
AMENDED  COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
(ECF NO. 125).**

# ANSWER

Defendants United States Department of the Interior ("Interior"), the United States Fish and Wildlife Service ("FWS"), Ryan Zinke, in his official capacity as Secretary of the United States Department of the Interior, Greg Sheehan, in his official capacity as Acting Director of the FWS, and Dr. Benjamin Tuggle, in his official capacity as Regional Director of the FWS (collectively, "Defendants") plead as follows in response to Plaintiffs' Second Amended Complaint for Declaratory Judgment and Injunctive Relief ("Complaint"). All allegations of the Complaint that are not specifically admitted, denied or qualified are hereby expressly denied.

## I.    INTRODUCTION

1.    The allegations contained in Paragraph 1 consist of characterizations of Plaintiffs' action and conclusions of law, to which no response is required. To the extent that a response is required, Defendants deny each allegation. The allegations contained in the third sentence of Paragraph 1 also purport to characterize FWS's two 90-Day findings in response to the petition to remove the Bone Cave harvestman (*Texella reyesi*) from the list of endangered and threatened wildlife. *See* 80 Fed. Reg. 30,990 (June 1, 2015) ("2015 90-Day Finding"); 82 Fed. Reg. 20,861 (May 7, 2017) ("2017 90-Day Finding). These 90-day findings speak for themselves and are the best evidence of their contents. Defendants deny any allegation inconsistent with the plain language, context, or meaning of these 90-day findings.

2.    The allegations contained in Paragraph 2 consist of characterizations of Plaintiffs' action and conclusions of law, to which no response is required. To the extent that a response is required, Defendants deny each allegation.

II.     JURISDICTION AND VENUE

3.      The allegations in Paragraph 3 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny each allegation.

4.      The allegations in Paragraph 4 are conclusions of law and consist of characterizations of Plaintiffs' action, to which no response is required. To the extent a response is required, Defendants deny each allegation.

5.      With respect to the allegations contained in the first sentence of Paragraph 5, Defendants admit that Nossaman LLP provided Defendants with a letter on behalf of the "American Stewards of Liberty and other interested parties" purporting to be a "Notice of Intent to File Suit Concerning a Negative 90-Day Finding on a Petition to Delist the Bone Cave Harvestman under the Endangered Species Act ("ESA")" dated August 24, 2015. With respect to the allegations contained in the second sentence of Paragraph 5, Defendants admit that a copy of the August 24, 2015 letter from Nossaman LLP is attached to the Second Amended Complaint Plaintiffs filed in this case. The allegations contained in the third sentence of Paragraph 5 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny each allegation.

6.      The allegations contained in Paragraph 6 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny each allegation.

### III.    PARTIES

7.    Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 7 concerning the membership, purpose, activities, and interests of Plaintiff American Stewards of Liberty ("ASL"), and deny them on that basis.

8.    Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 8 concerning the residency, property ownership, and membership in ASL of Plaintiffs Charles and Cheryl Shell, and deny them on that basis. The allegations contained in the fifth, seventh, and eighth sentences in Paragraph 8 are conclusions of law to which no response is required. To the extent that a response is required, Defendants deny each allegation.

9.    Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the first five sentences of Paragraph 9 concerning the residency and property ownership of Plaintiff Walter Sidney Shell Management Trust, and the membership of Charles Shell in ASL, and deny them on that basis. The allegations contained in the fourth, sixth, and seventh sentences in Paragraph 9 are conclusions of law to which no response is required. To the extent that a response is required, Defendants deny each allegation.

10.    Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the first five sentences of Paragraph 10 concerning the residency, property ownership, and membership in ASL of Plaintiff Kathryn Heidemann, and deny them on that basis. Defendants admit that Kathryn Heidermann was one of the parties who petitioned for delisting of the Bone Cave harvestman. The allegations contained in the fifth, sixth, and seventh sentences in Paragraph 10 are conclusions of law to which no response is required. To the extent that a response is required, Defendants deny each allegation.

11.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the first five sentences of Paragraph 11 concerning the residency, property ownership, and membership in ASL of Plaintiff Robert V. Harrison, Sr., and deny them on that basis. The allegations contained in the fourth, sixth, and seventh sentences in Paragraph 11 are conclusions of law to which no response is required. To the extent that a response is required, Defendants deny each allegation.

12.     In response to the allegations contained in Paragraph 12, Defendants admit that the U.S. Department of the Interior is a Cabinet-level agency granted certain responsibilities pursuant to the ESA by Congress. Defendants deny any remaining allegations in Paragraph 12.

13.     In response to the allegations in the first sentence of Paragraph 13, Defendants admit that Ryan Zinke is the Secretary of the United States Department of Interior. The allegations in the second and third sentences in Paragraph 13 are vague and ambiguous and thus denied on that basis, except that Defendants admit that Ryan Zinke, in his capacity as Secretary of the Interior is charged with certain responsibilities for implementing the ESA. The fourth sentence of Paragraph 13 purports to characterize the ESA, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation inconsistent with the ESA's plain language, context, or meaning.

14.     In response to the allegations contained in Paragraph 14, Defendants admit that the FWS is an agency within the United States Department of the Interior and that certain responsibilities for implementing the ESA have been delegated to the FWS. The remaining allegations in Paragraph 14 are vague and ambiguous and thus are denied on that basis.

15.     In response to the allegations contained in the first sentence Paragraph 15, Defendants deny that Jim Kurth is the current Director of FWS, but aver that Greg Sheehan is

currently the Acting Director of the FWS. The allegations in the second sentence in Paragraph 15 are vague and ambiguous and thus denied on that basis, except that Defendants admit that Greg Sheehan, in his capacity as Director of the FWS, is charged with certain responsibilities for implementing the ESA.

16.      In response to the allegations contained in the first sentence Paragraph 16, Defendants admit that Dr. Benjamin Tuggle is currently the Regional Director of Region 2 of the FWS. The allegations in the second and third sentences in Paragraph 16 are vague and ambiguous and thus denied on that basis, except that Defendants admit that Dr. Tuggle, in his capacity as Regional Director of the FWS, is charged with certain responsibilities for implementing the ESA.

### IV.      GENERAL ALLEGATIONS AND STATUTORY FRAMEWORK

17.      The allegations contained in Paragraph 17 appear to quote and characterize the ESA, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation inconsistent with the ESA's plain language, context, or meaning.

18.      The allegations contained in Paragraph 18 appear to quote and characterize the ESA, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation inconsistent with the ESA's plain language, context, or meaning.

19.      The allegations contained in Paragraph 19 appear to quote and characterize the ESA, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation inconsistent with the ESA's plain language, context, or meaning.

20.      The allegations contained in Paragraph 20 appear to quote and characterize the ESA, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation inconsistent with the ESA's plain language, context, or meaning.

21.     The allegations contained in Paragraph 21 appear to quote and characterize a federal regulation, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation inconsistent with the regulation's plain language, context, or meaning.

22.     The allegations contained in Paragraph 22 appear to quote and characterize the ESA, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation inconsistent with the ESA's plain language, context, or meaning.

23.     The allegations contained in Paragraph 23 appear to quote and characterize the ESA, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation inconsistent with the ESA's plain language, context, or meaning.

24.     The allegations contained in Paragraph 24 appear to characterize a federal regulation, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation inconsistent with the regulation's plain language, context, or meaning.

25.     The allegations contained in the first sentence of Paragraph 25 purport to characterize FWS's Final Rule to Determine Five Texas Cave Invertebrates to be Endangered Species ("1988 Listing Determination") (53 Fed. Reg. 36,029) (Sept. 16, 1988), which speaks for itself and is the best evidence of its contents. Defendants deny any allegation inconsistent with the determination's plain language, context, or meaning. Defendants further aver that the 1988 Listing Determination added the Bee Creek Cave harvestman, which later became re-classified in part as the Bone Cave harvestman, to the list of endangered species. Defendants deny the allegations contained in the second sentence of Paragraph 25. Defendants aver that the 2017 90-Day Finding contains the most accurate information available to the FWS regarding the number of caves known to be inhabited by the Bone Cave harvestman. Defendants deny the allegations contained in the third sentence of Paragraph 25. Defendants deny the allegations

contained in the fourth sentence of Paragraph 25. Defendants aver that the 2017 90-Day Finding contains the most accurate information available to the FWS regarding the existence and sufficiency of conservation measures for the Bone Cave harvestman.

26.     The allegations contained in Paragraph 26 are too subjective, vague, and ambiguous to permit a response. Defendants deny them on that basis.

27.     The allegations contained in Paragraph 27 are too subjective, vague, and ambiguous to permit a response. Defendants deny them on that basis except to admit that the Bone Cave harvestman may be present at Inner Space Caverns but that there are no assurances that the population is robust and secure. Defendants further admit that some state and local ordinances provide some level of protection to caves in Travis and Williamson counties.

28.     The allegations contained in Paragraph 28 are too subjective, vague, and ambiguous to permit a response. Defendants deny them on that basis. The third and fourth sentences of Paragraph 28 also purport to characterize the Williamson County Regional Habitat Conservation Plan, a document which speaks for itself and is the best evidence of its contents. Defendants deny any allegation inconsistent with that documents plain language, context, or meaning.

29.     The allegations contained in Paragraph 29 are too subjective, vague, and ambiguous to permit a response. Defendants deny them on that basis.

V.     **FACTUAL ALLEGATIONS REGARDING THE BONE CAVE HARVESTMAN (*TEXELLA REYESI*) REGULATORY STATUS AND ITS IMPACT ON PLAINTIFFS AND THE STATE OF TEXAS**

30.     The allegations contained in Paragraph 30 appear to paraphrase and characterize the 1988 Listing Determination, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation inconsistent with the Determination's plain language, context,

or meaning. Defendants admit that the 1988 Listing Determination added five karst invertebrates that at that time were only known to occur in Travis and Williamson counties, Texas, to the list of endangered species. Defendants further admit that the 1988 Listing Determination became effective on the date of publication.

31.     The allegations contained in Paragraph 31 purport to characterize the 1988 Listing Determination, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation inconsistent with the Determination's plain language, context, or meaning.

32.     The allegations contained in Paragraph 32 purport to characterize a 1993 technical correction, 56 Fed. Reg. 43,818 (Aug. 18, 1993) ("1993 Technical Correction"), which speaks for itself and is the best evidence of its contents. Defendants deny any allegation inconsistent with the rule's plain language, context, or meaning. Defendants aver that the 1993 Technical Correction noted that the Bee Cave Creek harvestman actually consisted of two species and included the Bone Cave harvestman on the list of endangered species.

33.     The allegations contained in the first and fourth sentences of Paragraph 33 purport to characterize the 1993 Technical Correction, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation inconsistent with the rule's plain language, context, or meaning. The allegations contained in the second sentence of Paragraph 33 are vague and ambiguous. Defendants deny them on that basis. The allegations contained in the third sentence of Paragraph 33 purport to characterize the 1994 Recovery Plan, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the plan's plain language, context, or meaning. The allegations contained in

the fifth sentence of Paragraph 33 are legal arguments, to which no response is required. To the extent a response is required, Defendants deny the allegations.

34.     Defendants admit the allegation that the Bone Cave harvestman remains listed as an endangered species contained in the first clause of Paragraph 34. The allegations contained in the second clause of Paragraph 34, regarding the costs associated with the listing of the species, are too vague and ambiguous to permit a specific response. Defendants deny the allegations on that basis.

35.     The allegations contained in Paragraph 35 purport to characterize the FWS's 2009 5-year status review of the Bone Cave harvestman, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation inconsistent with the review's plain language, context, or meaning.

36.     The allegations contained in the first two sentences of Paragraph 36 purport to characterize and quote the FWS's 1994 Recovery Plan, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation inconsistent with the recovery plan's plain language, context, or meaning. The third sentence of Paragraph 36 purports to characterize a petition sent to FWS, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation inconsistent with the petition's plain language, context, or meaning.

37.     The allegations contained in the Paragraph 37 are legal arguments, to which no response is required. To the extent a response is required, Defendants deny the allegations.

38.     The allegations contained in the Paragraph 38 are legal arguments, to which no response is required. To the extent a response is required, Defendants deny the allegations. All remaining allegations in Paragraph 38 purport to characterize and quote five different FWS

determinations. Each of these determinations speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the determinations' plain language, context, or meaning.

39.     The allegations in Paragraph 39 purport to characterize and quote a petition sent to FWS. The petition speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the petition's plain language, context, or meaning.

40.     The allegations in the first sentence of Paragraph 40 purport to characterize a petition sent to FWS. The petition speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the petition's plain language, context, or meaning. The remaining allegations in Paragraph 40 are vague, ambiguous, and conclusory. Defendants deny them on that basis.

41.     The allegations in Paragraph 41 purport to characterize a petition sent to FWS. The petition speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the petition's plain language, context, or meaning.

42.     The allegations contained in Paragraph 42 purport to characterize a notice published by FWS on April 15, 2015. 80 Fed. Reg. 20,241. The notice speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the notice's plain language, context, or meaning. Defendants admit that on April 15, 2015, Defendants published a notice of initiation of 5-year review five species, including the Bone Cave harvestman

43.     The allegations contained in Paragraph 43 purport to characterize FWS's 2015 90-Day Finding, which  speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the Finding's plain language, context, or meaning.

Defendants admit that the 2015 90-Day Finding concluded that "the petition does not present substantial scientific or commercial information indicating that delisting of the Bone Cave harvestman may be warranted due to recovery, extinction, or error in the original scientific data at the time the species was classified or in our interpretation of the data."

44.     The allegations contained in Paragraph 44 purport to characterize Plaintiffs' original complaint and first amended complaint, both of which speak for themselves and are the best evidence of their contents. Defendants deny any allegation inconsistent with these pleadings' plain language, context, or meaning.

45.     The allegations contained in Paragraph 45 purport to characterize Defendants' motion for voluntary remand, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation inconsistent with the plain language, context, or meaning of the motion.

46.     The allegations contained in Paragraph 46 purport to characterize the FWS's 2017 90-Day Finding, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation inconsistent with the 2017 Finding's plain language, context, or meaning.

47.     The allegations contained in Paragraph 47 purport to characterize the Court's order granting Defendants' motion for voluntary remand, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation inconsistent with the plain language, context, or meaning of the order.

48.     The allegations contained in Paragraph 48 purport to characterize the Defendants' Motion to Extend Court Order Deadlines and the Court's order granting this motion, both of which speak for themselves and are the best evidence of their contents.

Defendants deny any allegation inconsistent with the plain language, context, or meaning of the motion or order.

49.     The allegations contained in Paragraph 49 purport to characterize the FWS's 2017 90-Day Finding, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation inconsistent with the 2017 Finding's plain language, context, or meaning.

50.     The allegations contained in Paragraph 50 purport to characterize the FWS's 2017 90-Day Finding, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation inconsistent with the 2017 Finding's plain language, context, or meaning.

51.     The allegations contained in Paragraph 51 purport to characterize the FWS's 2017 90-Day Finding, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation inconsistent with the 2017 Finding's plain language, context, or meaning.

52.     The allegations contained in Paragraph 52 purport to characterize the FWS's 2017 90-Day Finding and a federal regulation, which speaks for themselves and are the best evidence of their contents. Defendants deny any allegation inconsistent with the 2017 Finding and regulation's plain language, context, or meaning.

53.     The allegations contained in Paragraph 53 purport to characterize the FWS's 2017 90-Day Finding and a judicial decision, which speak for themselves and are the best evidence of their contents. Defendants deny any allegation inconsistent with the 2017 Finding and decision's plain language, context, or meaning.

54.     The allegations contained in Paragraph 54 purport to characterize the FWS's 2017 90-Day Finding, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation inconsistent with the 2017 Finding's plain language, context, or meaning.

55.     The allegations contained in Paragraph 55 are legal arguments, to which no response is required. To the extent a response is required, Defendants deny the allegations.

56.     The allegations contained in Paragraph 56 are legal arguments, to which no response is required. To the extent a response is required, Defendants deny the allegations.

57.     The allegations contained in Paragraph 57 are too subjective, vague, and ambiguous to permit a response. Defendants deny them on that basis.

## VI.     SPECIFIC ALLEGATIONS THAT SUPPORT DECLARATORY AND INJUNCTIVE RELIEF

58.     Defendants hereby incorporate each and every answer contained in the paragraphs 1-57 above.

59.     The allegations contained in the body of Paragraph 59 are conclusions of law and characterizations of Plaintiffs' claims to which no response is required. To the extent a response is required, Defendants deny the allegations. The allegations contained in the footnote to Paragraph 59 purport to characterize a proposed rule, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation inconsistent with the proposed rule's plain language, context, or meaning.

60.     The allegations contained in Paragraph 60 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

61.     The allegations contained in Paragraph 62 are conclusions of law to which no

response is required. To the extent a response is required, Defendants deny the allegations.

## VII. FIRST CLAIM FOR RELIEF

62.     Defendants hereby incorporate each and every answer contained in Paragraphs 1 through 61.

63.     The allegations contained in Paragraph 63 purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. Defendants deny each allegation inconsistent with the ESA's plain language, context, or meaning.

64.     The allegations contained in Paragraph 64 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

65.     The allegations contained in Paragraph 65 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

## VIII. SECOND CLAIM FOR RELIEF

66.     Defendants hereby incorporate each and every answer contained in Paragraphs 1 through 65.

67.     The allegations contained in Paragraph 67 purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. Defendants deny each allegation inconsistent with the ESA's plain language, context, or meaning.

68.     The allegations contained in Paragraph 68 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

## PRAYER FOR RELIEF

The remainder of the Complaint constitutes Plaintiffs' requests for relief, to which no response is required. To the extent that a response is required, Defendants deny that Plaintiffs are entitled to the relief requested or to any relief whatsoever.

**GENERAL DENIAL**

Defendants deny any allegations of the Complaint, whether express or implied, that are not otherwise expressly admitted, qualified, or denied herein.

**AFFIRMATIVE DEFENSES**

1.    Plaintiffs have failed to state a claim or claims upon which relief can be granted.

2.    The Court lacks jurisdiction over some or all of Plaintiffs' claims.

3.    Plaintiffs lack standing for all or some of their claims.

WHEREFORE, Defendants respectfully request that this Court dismiss Plaintiffs' Complaint in its entirety and order such further relief as it deems appropriate.

Respectfully submitted this 17th day of August, 2017.

JEFFREY H. WOOD
Acting Assistant Attorney General
SETH M. BARSKY, Chief
MEREDITH L. FLAX, Assistant Chief

/s/ *Jeremy Hessler*
JEREMY HESSLER
Trial Attorney (CA Bar # 281462)
Email: jeremy.hessler@usdoj.gov
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station
P.O. Box 7611
Washington, DC 20044-7611
Phone: (202) 305-0431
Fax: (202) 305-0275 (fax)

Of Counsel:

FRANK LUPO
United States Department of the Interior

Office of the Solicitor
Southwest Regional Office

*Attorneys for Federal Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of August, 2017, I electronically filed the foregoing

Defendants' Answer to Plaintiffs' Second Amended Complaint with the Clerk of the Court using

the CM/ECF system, which will send notification of this filing to the attorneys of record.

/s/ *Jeremy Hessler*
JEREMY HESSLER, Trial Attorney
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station
P.O. Box 7611
Washington, DC 20044-7611
Phone: (202) 305-0431
Fax: (202) 305-0275 (fax)
Email: jeremy.hessler@usdoj.gov