UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| AMERICAN STEWARDS OF LIBERTY, et al., <br>    Plaintiffs, <br><br> v. <br><br> UNITED STATES FISH & WILDLIFE SERVICE, et al., <br>    Federal Defendants. | § § § § § § § § § <br><br> No. 15-cv-1174-LY |

**FEDERAL DEFENDANTS' REPLY IN SUPPORT OF THEIR OPPOSED MOTION TO STRIKE FOUR EXHIBITS ATTACHED TO PLAINTIFFS' REPLY BRIEF [DKT. NO. 159]**

Federal Defendants moved to strike four exhibits that Plaintiffs attached to their summary judgment opposition and reply briefs ("Four Exhibits") in an inappropriate request for judicial notice. *See* Dkt. No. 159 ("Fed. Defs. MTS") (moving to strike Dkt. Nos. 156-6, 156-7, 156-8, 156-9, 157-6, 157-7, 157-8, 157-9). These exhibits should be stricken because the requirements of Federal Rule of Evidence ("FRE") 201 have not been met, and Plaintiffs have not shown that supplementation of the administrative record is justified. Therefore, Federal Defendants' motion should be granted.

I.   **JUDICIAL NOTICE OF THE FOUR EXHIBITS IS NOT WARRANTED.**

As Federal Defendants previously explained, FRE 201 allows for judicial notice of "facts," not documents. Fed. Defs. MTS at 4-5. Nonetheless, Plaintiffs persist in requesting that the Court judicially notice the documents attached in the Four Exhibits, without explaining why such notice is appropriate. *See* Dkt. No. 163 ("Pls. MTS Br.") at 8 ("Plaintiffs have properly requested judicial notice of the Four Exhibits").  Plaintiffs only rebuttal on this point is to take issue with Federal Defendants' citation of *SB International v. Jindal*, No. CIV A 306-CV-1174-G, 2007 WL 1411042, (N.D. Tex. May 14, 2007), because the court ultimately allowed for judicial notice. Pls. MTS Br. at 2-3. But in that case, the court expressly faulted the defendant's "fail[ure] to explain in his motion what exactly he wishes the court to take judicial notice of." *SB Int'l, Inc.,* 2007 WL 1411042, at *2. Plaintiffs create similar confusion here, changing the subject of their request for judicial notice on each page of their opposition brief. For example, on page 7, Plaintiffs state, "Plaintiffs' Request is nothing more than a request that this Court acknowledge that the Service has issued guidance on the use of surrogate species." However, on page 2, Plaintiffs say they are requesting judicial notice of "[t]he fact that the scientific community is in agreement" that "it is improper to assume that one species is an appropriate surrogate for another and that the surrogate relationship should first be validated." *See also* Pls. MTS Br. at 3 ("That

2

the scientific community urges careful use of surrogate species in the context of conservation, as evidenced by the Four Exhibits, is not subject to reasonable dispute."); 4 ("[T]he purpose of the Four Exhibits here is to demonstrate to this Court that Defendants themselves have standards for the use of surrogate species when evaluating a listed or candidate species' biology and life cycle. That is a fact not subject to reasonable dispute."); 6 ("Plaintiffs have requested only that this Court take judicial notice of the fact that the Service has itself recognized that, with respect to using surrogate species, 'substantial effort, including data collection, must occur to achieve a specific outcome and ensure the validity of their use'"). When faced with a similarly muddled request in *SB International v. Jindal*, the Court ultimately took judicial notice only of the *existence* of the documents at issue, not the facts the documents contained, because those facts were "subject to reasonable dispute." 2007 WL 1411042, at *2.

Next, Plaintiffs concede FRE 201 does not allow for judicial notice of disputed facts. Plaintiffs try to avoid this result by insisting that the facts the Four Exhibits allegedly show are not in dispute. As discussed above, the precise facts that are the subject of Plaintiffs' request for judicial notice are a moving target. However, both Federal Defendants and Defendant Intervenors have explained how the "fact" that Plaintiffs present for judicial notice in their summary judgment briefing – that allegedly "there is widespread agreement among conservation biologists that it is inappropriate to assume that one species is a proper surrogate for another" – and the variations of this "fact" that Plaintiffs describe in their opposition brief, are disputed. *See* Dkt. Nos. 160 at 16-13, 161 at 10-11; Fed. Defs. MTS at 5-6.

It is of no consequence that other courts have taken judicial notice of agency documents in other cases, or that the Service has requested judicial notice of such documents in other cases. The question is what specific facts do these Plaintiffs want the Court to notice in this case, and

are those facts in dispute. For example, Plaintiffs cite *Friends of the River v. U.S. Army Corps of Engineers* as an example of judicial notice being taken, but there, the parties did not dispute that the facts at issue should be noticed. 870 F. Supp. 2d 966, 974 (E.D. Cal. 2012). And, the facts were noticed for background purposes, not for use in support of one party's argument against the other, as Plaintiffs seek to do here. *Id*. Similarly, in *DeMarco v. DepoTech Corp*., also cited by Plaintiffs, the Court took judicial notice of an FDA committee transcript, which the non-requesting party "all but conceded the propriety of considering." 149 F. Supp. 2d 1212, 1218 (S.D. Cal. 2001); *see also* Pls. MTS Br. at 5 (citing *Noble Asset Mgmt. v. Allos Therapeutics, Inc*., No. CIVA-04CV-1030, 2005 WL 4161977, at *2 (D. Colo. Oct. 20, 2005) (granting judicial notice of FDA committee transcript and FDA letter when the non-requesting party did not object)). None of these cases are instructive here. At bottom, Plaintiffs have made an amorphous request for judicial notice in an attempt to shortcut the Court's consideration of the reasonableness of the Service's analysis of scientific studies involving species related to the Bone Cave harvestman. Such a request is not proper under FRE 201.

**II.     CONSIDERING THE FOUR EXHIBITS WOULD VIOLATE THE APA'S SCOPE OF REVIEW.**

Plaintiffs' request also is improper under the APA. Plaintiffs do not dispute that the APA limits this Court's review of the Service's actions to the administrative record that was before the agency when it made its decision. Pls. MTS Br. at 5-6; Fed. Defs. MTS at 6-8. However, Plaintiffs attempt to circumvent this limitation through a "request for judicial notice" that asks the Court to consider extra-record evidence when assessing the validity of the agency's decision. This is exactly what the APA's record review rule was meant to prevent. *See* Fed. Defs. MTS at 6. It is for this reason that "the use of judicial notice is highly restricted in the context of APA actions." *Am. Health Care Ass'n v. Burwell*, 217 F. Supp. 3d 921, 928 (N.D. Miss. 2016).

"Judicial notice is 'typically an inadequate mechanism' for a court to consider extra-record evidence in reviewing an agency action. . . . Instead, a court may only consider an adjudicative fact subject to judicial notice that is *not* part of the administrative record if it qualifies for supplementation as extra-record evidence." *Silver State Land, LLC v. Beaudreau*, 59 F. Supp. 3d 158, 172 (D.D.C. 2014) (citation omitted); *see also Markle Interests, LLC v. U.S. Fish & Wildlife Serv.*, 40 F. Supp. 3d 744, 755 and n.16 (E.D. La. 2014) (refusing to consider extra-record evidence that plaintiffs requested the court judicially notice). As Plaintiffs freely admit, they have made no attempt to prove the Four Exhibits qualify as supplements to the administrative record. Pls. MTS. Br. at 6. Therefore, the Four Exhibits should be stricken.

## CONCLUSION

As the discussion above and in Federal Defendants' Motion to Strike shows, Federal Defendants' motion should be granted. The Four Exhibits and all references to them in Plaintiffs' briefs should be stricken.

Dated: February 27, 2018

                                Respectfully Submitted,
                                JEFFREY H. WOOD
                                Acting Assistant Attorney General
                                SETH M. BARSKY, Chief
                                MEREDITH L. FLAX, Assistant Chief

                                /s/ *Lesley Lawrence-Hammer*
                                LESLEY LAWRENCE-HAMMER, Trial
                                Attorney (DC Bar # 982196)
                                U.S. Department of Justice
                                Environment & Natural Resources Division
                                Wildlife & Marine Resources Section
                                Ben Franklin Station, P.O. Box 7611
                                Washington, D.C. 20044-7611
                                Telephone: (202) 305-0217
                                Fax: (202) 305-0275
                                Email: lesley.lawrence-hammer@usdoj.gov

                                Attorneys for Federal Defendants

OF COUNSEL
FRANK LUPO, Attorney Advisor
U.S. Department of the Interior, Office of the Regional Solicitor

## CERTIFICATE OF SERVICE

I hereby certify that, this 27th day of February 2018, I electronically filed the foregoing documents with the Clerk of the Court via CM/ECF system, which will send notification of such to the attorneys of record.

/s/ *Lesley Lawrence-Hammer*
LESLEY LAWRENCE-HAMMER